UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF SUPERVISORS (FRESNO), ET. AL.,<br><br>    Defendants. | Case No. 1:22-cv-00012-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 2)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Anthony Andre Sharp, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff seeks leave to proceed *in forma pauperis* ("IFP motion"). (Doc. No. 2).

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has at least three dismissals that constitute strikes and the complaint does not establish Plaintiff meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

**BACKGROUND AND FACTS**

Plaintiff initiated this action by delivering a civil rights complaint to correctional officials for mailing on January 3, 2022. (Doc. No. 1). The complaint names as defendants the following individuals comprising the "Board of Supervisors (Fresno); Cliff Allenby, Stephen Mayberg, and Bonnie M. Dumanis. (*Id.* at 1-2). On the portion of the complaint form where a plaintiff is asked

to list prior lawsuits, Plaintiff lists the following two cases and states these cases remain "pending": *Sharp v. Bolin*, Case No. 1:21-cv-1549-NONE-SAB; *Sharp v. Koenig*, Case No. 1:19-cv-01241-HBK. (*Id.* at 2).

The Complaint alleges an Eighth Amendment claim stemming from Plaintiff's contracting Valley Fever. (*Id.* at 3, 15). Plaintiff believes he was exposed to Valley Fever while confined at Coalinga State Hospital in 2011. (*Id.* at 12). He ultimately tested positive for Valley Fever in 2018 when confined at Salinas Valley State Prison. (*Id.* at 13-14). Plaintiff alleges defendants were aware of the risk of Valley Fever at Pleasant Valley State Prison since 1991, but nevertheless built Coalinga State Hospital. (*Id.* at 13). As a result of contracting Valley Fever, Plaintiff claims he suffers from fatigue, severe headaches, severe backaches, lung damage, and joint aches. (*Id.* at 18). As relief, Plaintiff seeks monetary damages of approximately 6.5 million dollars for his emotional distress, physical symptoms, and fear of dying. (*Id.* at 4, 10).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal must have been before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109

(9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)."  *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377,

at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).  To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id*.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have concluded the proper procedure is to outright dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.  *See Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case.  *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act.  As the United States Supreme Court recently noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726.  By curbing the "flood of nonmeritorious claims," § 1915(g) provides the court with a mechanism to recognize a "three striker," deny IFP on that basis, require payment of the full filing fee, which absent being paid, the court may dismiss the case, thereby

permitting time for consideration of suits more likely to succeed. *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (recognizing PLRA was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good.") (citations and internal quotations and alterations omitted).

## ANALYSIS

**A. Plaintiff Has Three or More Qualifying Strikes**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). A review of the Pacer Database reveals Plaintiff has filed approximately 50 civil actions in a district court or appellate court of the United States and has had at least three cases dismissed that qualify as a strike under Ninth Circuit caselaw prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases, which were dismissed for failure to state a claim, are properly deemed qualifying § 1915(g) strikes and were entered before the instant action was filed:

| **Date of Order** | **Case Style** | **Disposition** |
|---|---|---|
| April 8, 2021 | *Sharp v. Koskinen*, Case No. 4:21-cv-2171-PJH (N.D. Cal. 2021) | Order dismissing case for failure to state a claim. |
| October 17, 2008 | *Sharp v. Montel*, Case No. 5:08-cv-1346-UA-FFM (C.D. Cal. 2008) | Order noting Plaintiff's three-strike status and further dismissing the complaint as "patently without merit," or for failure to state a claim |
| January 5, 2005 | *Sharp v. Cueva*, Case No. 2:02-cv-1686-FCD-GGH (E.D. Cal. 2005) | Order adopting Findings and Recommendations dismissing action for failure to state a claim (and rejecting Defendants' argument on exhaustion) |
| September 4, 2003 | *Sharp v. Mason*, Case No. 2:03-cv-1354-EJG-DAD (E.D. Cal. 2003) | Order adopting Findings and Recommendations dismissing action for failure to state a claim. |

As evidenced by the above, Plaintiff has at least three qualifying strikes for purposes of § 1915(g). Each of the above-referenced cases were dismissed for failure to state a claim. One of

1  the cases further noted Plaintiff's three-strike status, but further dismissed as meritless. *See El-*
2  *Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (dismissing a complaint only based on
3  three-strike status does not count as a strike without an additional finding that the action itself was
4  frivolous, malicious, or fails to state a claim).

### B.  The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed.  Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  Liberally construing the Complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action.  Indeed, the Complaint concerns events that occurred in 2011, of which he learned about in 2018 concerning the contraction of Valley Fever.  *See Taylor v. Carter*, Case No. 1:13-cv-1155-SAB(PC), 2014 WL 11774845 (E.D. Cal. Sept. 4, 2014) (denying motion for reconsideration on imminent danger exception where plaintiff alleged exposure to Valley Fever). There are no allegations that from which the Court can find any basis that Plaintiff is currently under threat of imminent physical danger to invoke the § 1915(g) exception.  Based on the foregoing, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Based on the foregoing, the Court **RECOMMENDS**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED and he be ordered to pay the $402.00 filing fee because he qualifies as a three-striker under § 1915(g).

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

(9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE